IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACADIA PHARMACEUTICALS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC. | ) | |
| and TEVA PHARMACEUTICAL | ) | |
| INDUSTRIES LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff"), for its Complaint against Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (collectively, "Teva" or "Defendants"), hereby alleges as follows:

## THE PARTIES

1.      ACADIA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3611 Valley Centre Drive Suite 300, San Diego, California 92130.

2.      Upon information and belief, Teva USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interpace Parkway, #3, Parsippany, New Jersey 07054.

3.      Upon information and belief, Teva Ltd. is a corporation organized and existing under the laws of the State of Israel, having a principal place of business at 5 Basel Street, Petach Tikva, 49131, Israel.

4.      Upon information and belief, Teva USA is a wholly owned subsidiary of Teva Ltd.

5.      Upon information and belief, Teva USA acts at the direction, and for the benefit, of Teva Ltd. and is controlled and/or dominated by Teva Ltd.

6.      Upon information and belief, Teva USA and Teva Ltd. work in concert, either directly or indirectly, with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in the State of Delaware.

7.      Upon information and belief, Teva USA and Teva Ltd. have participated and collaborated in the preparation, filing, and seeking FDA approval of Abbreviated New Drug Application ("ANDA") No. 214750 for Pimavanserin Tartrate capsule, Eq. 34 mg base ("the Teva Generic Product"); continue to participate and collaborate in seeking FDA approval of ANDA No. 214750; and intend to participate and collaborate in the commercial manufacture, marketing, offer for sale, and/or sale of the Teva Generic Product throughout the United States including in the State of Delaware.

**NATURE OF THE ACTION**

8.      This is a civil action for infringement of United States Patent Nos. 7,601,740 ("the '740 patent"), 7,732,615 ("the '615 patent"), 10,449,185 ("the '185 patent"), and 10,646,480 ("the '480 patent") (collectively, "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

**JURISDICTION & VENUE**

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, 2202, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10.     Upon information and belief, Teva USA is a Delaware corporation and has a registered agent in the State of Delaware, Corporate Creations Network Inc., located at 3411 Silverside Road, Tatnall Building Suite 104, Wilmington, Delaware 19810.

11.     Venue is proper in this Court as to Teva USA under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because Teva USA is incorporated in Delaware and thus resides in this Judicial District.  Teva USA has also committed and will commit further acts of infringement in this Judicial District.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

12.     This Court has personal jurisdiction over Teva USA, and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, Teva USA is a Delaware corporation and thus resides in Delaware and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware.  Teva USA has indicated that it intends to engage in the commercial manufacture, use, or sale of the Teva Generic Product under ANDA No. 214750 before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

13.     Upon information and belief, Teva USA is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions and through the actions of its agents and affiliates.

14.     Upon information and belief, Teva USA has purposely availed itself of the privilege of doing business in Delaware, including by, *inter alia*, holding

Distributor/Manufacturer Licenses for Controlled Substances from the State of Delaware, under License Nos. DM-0007115 and DM-0006546.

15.     This Court also has personal jurisdiction over Teva USA, and venue is proper in this Judicial District, by virtue of the fact that, upon information and belief, Teva USA maintains pervasive, continuous, and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in the State of Delaware, through its own actions and through the actions of its agents and affiliates.

16.     Venue is proper in this Court as to Teva Ltd. under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because, *inter alia*, Teva Ltd., directly or indirectly through its subsidiaries, agents, and/or alter egos, has a regular and established place of business in Delaware, including, at least, Teva USA, a wholly owned subsidiary incorporated in the State of Delaware, and has also committed and will commit further acts of infringement in this Judicial District.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

17.     This Court has personal jurisdiction over Teva Ltd., and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, Teva Ltd. wholly owns a subsidiary that is incorporated in the State of Delaware and has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware.  Upon information and belief, Teva Ltd. intends to engage in the commercial manufacture, use, or sale of the Teva Generic Product under ANDA No. 214750 before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

18.     Upon information and belief, Teva Ltd. is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions and through the actions of its agents and affiliates, including, at least, Teva USA.

19.     This Court also has personal jurisdiction over Teva Ltd., and venue is proper in this Judicial District, by virtue of the fact that, upon information and belief, Teva Ltd. maintains pervasive, continuous, and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in the State of Delaware, through its own actions and through the actions of its agents and affiliates, including at least, Teva USA.  Upon information and belief, Teva Ltd. derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in the State of Delaware.

20.     Teva's infringing actions with respect to the filing of ANDA No. 214750 and intent to commercialize the Teva Generic Product have led and/or will lead to foreseeable harm and injury to ACADIA.

21.     This Court also has personal jurisdiction over Teva Ltd. and Teva USA, and venue is proper in this Court because, *inter alia*, they have previously been sued, individually or together, in this Judicial District and have not challenged personal jurisdiction or venue, and have purposefully availed themselves of the rights and benefits of the jurisdiction of this Court by filing claims and counterclaims in this Judicial District.  *See*, *e.g.*, *Teva Pharms. USA, Inc. v. Mylan Pharms. Inc.*, C.A. No. 17-249-GMS (D. Del.) (Teva USA and Teva Ltd. filed complaint for patent infringement); *Teva Pharms. USA, Inc. v. Doctor Reddy's Labs., Ltd.*, C.A. No. 16-1267-CFC (D. Del.) (same); *Teva Pharms. USA, Inc. v. Biocon Ltd.*, C.A. No. 16-278-CFC (D.

Del.) (same); *Teva Pharms. USA, Inc. v. Dr. Reddy's Labs.*, Ltd., C.A. No. 15-306-GMS (D. Del.) (same); *Teva Pharms. USA, Inc. v. Amneal Pharms. LLC.*, C.A. No. 15-124-GMS (D. Del.) (same); *Teva Pharms. USA, Inc. v. Synthon Pharms., Inc.*, C.A. No. 14-1419-GMS (D. Del.) (same); *Insys Therapeutics, Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 17-1303-CFC (D. Del.) (Teva USA and Teva Ltd. did not contest jurisdiction and Teva USA filed counterclaims); *Onyx Therapeutics, Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 17-449-LPS (D. Del.) (same); *Bayer HealthCare, LLC v. Teva Pharms. USA, Inc.*, C.A. No. 16-1220-LPS (D. Del.) (Teva USA did not contest jurisdiction and filed counter claims); *Orexo AB v. Actavis Elizabeth LLC*, C.A. No. 17-758-CFC (D. Del.) (Teva USA and Teva Ltd. did not contest jurisdiction); *Momenta Pharms., Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 17-109-CFC (D. Del.) (same); *Amneal Pharms. LLC v. Teva Pharms. USA, Inc.*, C.A. No. 17-074-GMS (D. Del.) (same).

22.     Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Teva Ltd. in this action, this Court may exercise jurisdiction over Teva Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because:  (a) ACADIA's claims arise under federal law; (b) Teva Ltd. is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Teva Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, submitting various ANDAs to the FDA, and manufacturing and selling active pharmaceutical ingredients that are used in the products distributed throughout the United States, such that this Court's exercise of jurisdiction over Teva Ltd. satisfies due process.

<u>**ACADIA'S NDA AND THE PATENTS-IN-SUIT**</u>

23.     ACADIA holds New Drug Application ("NDA") No. 210793 for oral capsules containing pimavanserin tartrate, Eq. 34 mg base as the active ingredient.  ACADIA exclusively manufactures, markets and sells these oral capsules in the United States under the brand name NUPLAZID®.

24. On October 13, 2009, the '740 patent, entitled "Selective serotonin 2A/2C receptor inverse agonists as therapeutics for neurodegenerative diseases" was duly and legally issued. A copy of the '740 patent is attached as Exhibit A.

25. ACADIA owns the '740 patent.

26. On June 8, 2010, the '615 patent, entitled "N-(4-fluorobenzyl)-N-(1-methylpiperidin-4-yl)-N′-(4-(2-methylpropyloxy)phenylmethyl)carbamide and its tartrate salt and crystalline forms" was duly and legally issued. A copy of the '615 patent is attached as Exhibit B.

27. ACADIA owns the '615 patent.

28. On October 22, 2019, the '185 patent, entitled "Formulations of pimavanserin" was duly and legally issued. A copy of the '185 patent is attached as Exhibit C.

29. ACADIA owns the '185 patent.

30. On May 12, 2020, the '480 patent, entitled "Formulations of pimavanserin" was duly and legally issued. A copy of the '480 patent is attached as Exhibit D.

31. ACADIA owns the '480 patent.

32. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering NUPLAZID® or its use.

### TEVA'S ANDA AND PARAGRAPH IV NOTIFICATION

33. Upon information and belief, Teva submitted ANDA No. 214750 to the FDA under 21 U.S.C. § 355(j). Upon information and belief, Teva's ANDA No. 214750 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Teva Generic Product prior to the expiration of the patents-in-suit.

34.     Upon information and belief, by filing ANDA No. 214750, Teva has certified to the FDA that the Teva Generic Product has the same active ingredient as NUPLAZID® and the same or substantially the same proposed labeling as NUPLAZID®.

35.     ACADIA received two written notification of Teva's ANDA No. 214750 and its accompanying § 505(j)(2)(A)(vii)(IV) certifications by FedEx® Priority Overnight by letters dated June 10, 2020 ("Teva's 6/10 Notice Letter") and dated June 23, 2020 ("Teva's 6/23 Notice Letter") (collectively "Teva's Notice Letters").

36.     Teva's Notice Letters represent that Teva certified in Teva's ANDA No. 214750 that the claims of the patents-in-suit are invalid or would not be infringed by the commercial manufacture, use, sale or offer for sale of the Teva Generic Product.

37.     According to applicable regulations, Notice Letters such as Teva's Notice Letters must contain a detailed statement of the factual and legal bases for the applicant's opinion that the patent is invalid, unenforceable, or not infringed, which includes a claim-by-claim analysis, describing "[f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "[f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

38.     This action is being commenced by ACADIA within 45 days of its receipt of Teva's 6/10 Notice Letter.

39.     Teva's Notice Letters contained an Offer of Confidential Access ("OCA") to certain confidential information regarding the Teva Generic Product.  ACADIA and Teva subsequently exchanged markups of the OCA in an attempt to reach agreement on the terms for

confidential access. As of the filing of this Complaint, however, the parties have not been able to reach an agreement.

40. To date, Teva has not provided ACADIA with a copy of any portions of ANDA No. 214750 or any information regarding the Teva Generic Product, beyond the information set forth in Teva's Notice Letters.

41. The limited information relating to the Teva Generic Product that was provided in Teva's Notice Letters does not demonstrate that the Teva Generic Product, which Teva has asked the FDA to approve for sale in the United States, will not fall within the scope of issued claims of the patents-in-suit.

## COUNT I – INFRINGEMENT
## BY TEVA USA AND TEVA LTD.

42. ACADIA re-alleges paragraphs 1-41 as if fully set forth herein.

43. Teva's submission of ANDA No. 214750 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

44. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Teva certified in ANDA No. 214750 that the claims of the patents-in-suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Teva Generic Product. Teva notified ACADIA of that certification and provided a statement of the alleged bases for its claims.

45. Teva's 6/10 Notice Letter represented that ANDA No. 214750 included § 505(j)(2)(A)(vii)(IV) certifications with respect to the '740, '615, and '185 patents.

46. Teva's 6/23 Notice Letter represented that a Patent Amendment to ANDA No. 214750 included a § 505(j)(2)(A)(vii)(IV) certification with respect to the '480 patent.

47.     Teva is jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).  Upon information and belief, Teva actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 214750 seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Teva Generic Product prior to the expiration of the patents-in-suit.

48.     Upon information and belief, Teva was aware of the existence of the patents-in-suit and was aware that the filing of ANDA No. 214750 and certification with respect to the patents-in-suit constituted an act of infringement of those patents.

49.     Teva filed ANDA No. 214750 without adequate justification for asserting that the patents-in-suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Teva Generic Product.

50.     Moreover, if Teva manufactures, uses, offers for sale, or imports into the United States any of the Teva Generic Product, or induces or contributes to any such conduct, prior to the expiration of the patents-in-suit, including any applicable exclusivities or extensions, it would infringe one or more claims of the patents-in-suit under 35 U.S.C. § 271(a), (b), and/or (c).

51.     ACADIA is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Teva's ANDA No. 214750 be a date that is not earlier than the expiration of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit to which ACADIA is or becomes entitled.

52.     ACADIA will be irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court.  ACADIA does not have an adequate remedy at law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, ACADIA requests that the Court grant the following relief:

A.    A Judgment that Teva has infringed the '740, '615, '185, and '480 patents by submitting ANDA No. 214750 to the FDA;

B.    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Teva's ANDA No. 214750 will not be earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which ACADIA is or becomes entitled;

C.    An Order permanently enjoining Teva, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with Teva, from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the Teva Generic Product identified in this Complaint, or any product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which ACADIA is or becomes entitled;

D.    That ACADIA be awarded monetary relief to the extent Teva commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the patents-in-suit, within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extensions or exclusivities for the patents-in-suit to which ACADIA is or will become entitled, and that any such monetary relief be awarded to ACADIA with prejudgment interest;

E.    A finding that this case is an exceptional case and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

F.       That ACADIA be awarded the costs and expenses that they incur in prosecuting this action; and

G.       Such other and further relief as this Court may deem just and proper.


OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
chadpeterman@paulhastings.com
brucewexler@paulhastings.com
scottpeachman@paulhastings.com


*Attorneys for Plaintiff ACADIA*
*Pharmaceuticals Inc.*

July 24, 2020

SAUL EWING ARNSTEIN & LEHR LLP

*/s/James D. Taylor, Jr.*
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Charles E. Davis (#6402)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
James.Taylor@saul.com
Jessica.Jones@saul.com
Chad.Davis@saul.com